IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SANTANA SERRANO,

    Petitioner,

vs.                                                                 No. 1:18-CV-00740-JB-KRS

ROBERTA ORTIZ-LUCERO, Warden, and
HECTOR H. BALDERAS, Attorney General
for the State of New Mexico,

    Respondents.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court on Santana Serrano's habeas corpus petition filed pursuant to 18 U.S.C. § 2254. (Doc. 1). Serrano asks the Court to vacate her state-court sentence of life imprisonment for first-degree murder. (*See id.*); (*see also* Doc. 2). For the reasons stated below, the Court will require Serrano to show cause as to why her habeas petition should not be dismissed as untimely.

### I.  PROCEDURAL BACKGROUND

A jury convicted Serrano of willful and deliberate first-degree murder on December 10, 2014. (Ex. A).[1] After the state trial court denied her motion for a new trial (Ex. H), Serrano appealed her conviction directly to the New Mexico Supreme Court (Ex. I). However, the state supreme court affirmed Serrano's conviction in a decision dated October 17, 2016. (Ex. O). Serrano did not file a motion for rehearing before the state supreme court, and she did not file a petition for writ of certiorari with the United States Supreme Court. (*See* Ex. EE).

Serrano filed a pro se habeas petition in state court on August 28, 2017. (*See* Ex. Q). The state trial court denied this petition on October 27, 2017 (Ex. T), and the New Mexico Supreme

---

[1] Unless otherwise indicated, all exhibits are to Respondents' answer (Doc. 13).

Court issued a nine-page decision denying her petition for writ of certiorari on December 28, 2017 (Ex. U). Serrano did not file a motion for rehearing before the state supreme court in that proceeding. (*See* Ex. FF).

On August 2, 2018, Serrano's pro se petition in this federal action was docketed. (*See* Doc. 1). On March 30, 2020, Respondents filed an answer arguing in part that Serrano's petition was untimely. (*See* Doc. 13 at 5-7).

## II.  TIMELINESS OF § 2254 PETITION

"A threshold requirement of any habeas claim is that it must be timely filed." *Holly v. Bravo*, No. 12-cv-00952 MCA/WPL, 2014 WL 11398560, at *4 (D.N.M. July 21, 2014) (quotation omitted). The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year limitation on habeas claims brought under § 2254. *See* 28 U.S.C. § 2244(d)(1). This one-year period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The untimeliness of a petition under § 2254 is an affirmative defense that generally must be raised by the respondent. *See Kilgore v. Attorney Gen.*, 519 F.3d 1084, 1086-87 (10th Cir. 2008) (citing *Day v. McDonough*, 547 U.S. 198, 202 (2006)).

"[A] judgment becomes final when the defendant has exhausted all direct appeals in state court and the time to petition for a writ of certiorari from the United States Supreme Court has

expired (which is 90 days after the decision by the State's highest court)." *Woodward v. Cline*, 693 F.3d 1289, 1292 (10th Cir. 2012); see also U.S. SUP. CT. R. 13(1). Moreover, the AEDPA statute of limitations is tolled "during the period in which the petitioner *could have* sought an appeal under state law," even if she does not do so. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000). This period includes any time allowed for a petitioner to seek rehearing from the state's highest court. *See Serrano v. Williams*, 383 F.3d 1181, 1185 (10th Cir. 2004). However, the period for requesting rehearing is subsumed within the ninety-day period for seeking U.S. Supreme Court review if no motion for rehearing is actually filed. *See Mills v. McKune*, 186 F. App'x 828, 831 (10th Cir. 2006) (unpublished) (citing *Serrano*, 383 F.3d at 1185); *see also, e.g.*, *Rivera v. Janecka*, No. 14-cv-00662 RB/LAM, 2014 WL 12783023, at *3 n.4 (D.N.M. Dec. 5, 2014) (citing *Mills*, 186 F. App'x at 831) (recognizing that New Mexico Supreme Court's fifteen-day period for filing a motion for rehearing and U.S. Supreme Court's ninety-day period for filing a petition for writ of certiorari are not applied consecutively for § 2244(d) purposes); *Wallace v. Bravo*, No. 13-cv-00825 KG/GBW, 2014 WL 12786922, at *3 n.2 (D.N.M. Sept. 11, 2014) (citing *Mills*, 186 F. App'x at 831) (same).

A "properly filed application for State post-conviction or other collateral review" also tolls the federal limitations period. *See* 28 U.S.C. § 2244(d)(2). However, the state application is only "properly filed" if it is filed within the one year allowed by AEDPA. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). In other words, AEDPA's one-year limitations period is not tolled or restarted if a state habeas application is filed outside of that one-year window. *See id.* The tolling period triggered by the filing of a state habeas petition continues until that petition has been denied and a motion for rehearing has also been denied or, if no

motion was filed, when the time for seeking such a rehearing has expired. *See Serrano*, 383 F.3d at 1185.

In this case, because the New Mexico Supreme Court affirmed her conviction on October 17, 2016, the ninety-day period for Serrano to seek U.S. Supreme Court review ended on January 17, 2017,[2] and her conviction became final on the latter date. *See Woodward*, 693 F.3d at 1292. After **223 days** had passed, Serrano filed her state-court habeas petition on August 28, 2017, which operated to begin tolling her § 2244(d) period. The New Mexico Supreme Court denied Serrano's petition for a writ of certiorari in the state habeas proceeding on December 28, 2017, and the tolling period for federal habeas purposes ended fifteen days later, when her time for seeking rehearing before the state supreme court had lapsed. *See Serrano*, 383 F.3d at 1185. From the latter date—January 12, 2018—Serrano had **142 days** remaining to file a timely federal petition under § 2244(d). That time expired on Sunday, June 3, 2018, which meant that Serrano was required to file her habeas petition no later than **June 4, 2018**. *See* FED. R. CIV. P. 6(a)(1)(C) (excluding weekends when calculating final day of period).

However, Serrano delivered her federal habeas petition to prison officials no earlier than **July 30, 2018**, the date on which she signed that petition. (*See* Doc. 1 at 25-26).[3] Moreover, although the form petition completed by Serrano requires the petitioner to justify any failure to

---

[2] Although January 15, 2017 was the ninetieth day following the New Mexico Supreme Court's decision, that date fell on a Sunday, and Martin Luther King Jr.'s birthday was observed the following day. Accordingly, the period for seeking certiorari review with the U.S. Supreme Court expired on Tuesday, January 17, 2017. *See* FED. R. CIV. P. 6(a)(1)(C) (excluding weekdays and legal holidays when calculating final day of a period); *see also* FED. R. CIV. P. 6(a)(6) (listing legal holidays). *But cf. Tennyson v. Raemisch*, 732 F. App'x 670, 671 (10th Cir. 2018) (unpublished) (holding that Rule 6(a)(1)(C) did not apply to first day of limitations period calculated by reference to *state-court* appellate deadline, where petitioner did not directly appeal conviction).

[3] "Under the federal mailbox rule, a *pro se* prisoner's cause of action is considered filed when the prisoner delivers the pleading to prison officials for mailing." *Garcia v. Shanks*, 351 F.3d 468, 471 (10th Cir. 2003) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988)). Serrano's federal petition was postmarked two days after she executed it, on August 1, 2018. (*See* Doc. 1 at 27). While it is unclear exactly when Serrano delivered her petition to prison officials for mailing within this three-day period, the question is immaterial at present time since her petition would appear to be untimely in any event.

file her federal habeas petition within the one-year period contemplated by § 2244(d), Serrano included no such explanation. (*See* Doc. 1 at 23-24). On its face, then, Serrano's § 2254 petition would appear to be untimely.[4]

Equitable tolling of the one-year statute of limitations under AEDPA may be available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). However, such tolling applies only in "rare and exceptional circumstances." *Sigala v. Bravo*, 656 F.3d 1125, 1127 (10th Cir. 2011) (quotation omitted). The "strong burden" of establishing that equitable tolling should apply rests with the habeas petitioner, who must "show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 545 F.3d 925, 928 (10th Cir. 2008) (citation omitted); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (describing burden).

The Court will therefore require Serrano to show cause within thirty (30) days of entry of this Order why her federal habeas petition should not be dismissed as untimely. Failure to timely comply may result in dismissal of the habeas action without further notice. *See, e.g.*, *Hare v. Ray*, No. 00-6143, 232 F.3d 901, at *1 (10th Cir. 2000) (unpublished table decision) (holding that district court may *sua sponte* dismiss an untimely § 2254 petition where petitioner fails to identify circumstances that would support tolling).

---

[4] Serrano also filed a second state-court habeas petition on June 20, 2019, almost a year after she initiated this federal action. (*See* Ex. W); (Ex. DD). If this second state petition was filed after the one-year period set by § 2244(d) had expired, as appears to be the case, it necessarily could not have operated to toll that period. *See Clark*, 468 F.3d at 714 (citations omitted) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that, within thirty (30) days of entry of this Order, Serrano must file a response showing cause, if any, as to why her § 2254 habeas petition should not be dismissed as untimely.

_____
**KEVIN R. SWEAZEA**
**UNITED STATES MAGISTRATE JUDGE**