IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SANTANA SERRANO,

    Petitioner,

vs.    No. 1:18-CV-00740-JB-KRS

ROBERTA ORTIZ-LUCERO, Warden, and
HECTOR H. BALDERAS, Attorney General
for the State of New Mexico,

    Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Santana Serrano, a prisoner at the Western New Mexico Correctional Facility, filed a petition for habeas corpus under 28 U.S.C. § 2254 on August 2, 2018, asking that the Court vacate her state-court sentence of life imprisonment for first-degree murder. (Doc. 1); (*see also* Doc. 2). On August 3, 2018, the Court referred this case to United States Magistrate Judge Kevin R. Sweazea to conduct any necessary hearings and to recommend an ultimate disposition. (*See* Doc. 4). Respondents filed an answer on March 30, 2020, arguing *inter alia* that Serrano's petition is untimely. (Doc. 13 at 5-7). After the undersigned entered an Order directing Serrano to show cause as to why her petition should not be dismissed as untimely (*see* Doc. 14), Serrano timely filed a response in which she concedes that her petition was not filed within the requisite one-year period. (Doc. 20). Based on this showing, and given that Serrano has not established that equitable tolling is proper here, the undersigned RECOMMENDS that the Court DISMISS Serrano's petition with prejudice.

"A threshold requirement of any habeas claim is that it must be timely filed." *Holly v. Bravo*, No. 12-cv00952 MCA/WPL, 2014 WL 11398560, at *4 (D.N.M. July 21, 2014) (quotation omitted). The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a

one-year limitation on habeas claims brought under § 2254. *See* 28 U.S.C. § 2244(d)(1). This one-year period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

"[A] judgment becomes final when the defendant has exhausted all direct appeals in state court and the time to petition for a writ of certiorari from the United States Supreme Court has expired (which is 90 days after the decision by the State's highest court)." *Woodward v. Cline*, 693 F.3d 1289, 1292 (10th Cir. 2012); see also U.S. SUP. CT. R. 13(1). Moreover, the AEDPA statute of limitations is tolled "during the period in which the petitioner *could have* sought an appeal under state law," even if she does not do so. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000). This period includes any time allowed for a petitioner to seek rehearing from the state's highest court. *See Serrano v. Williams*, 383 F.3d 1181, 1185 (10th Cir. 2004). However, the period for requesting rehearing is subsumed within the ninety-day period for seeking U.S. Supreme Court review if no motion for rehearing is actually filed. *See Mills v. McKune*, 186 F. App'x 828, 831 (10th Cir. 2006) (unpublished) (citing *Serrano*, 383 F.3d at 1185); *see also, e.g.*, *Rivera v. Janecka*, No. 14-cv-00662 RB/LAM, 2014 WL 12783023, at *3 n.4 (D.N.M. Dec. 5, 2014) (citing *Mills*, 186 F. App'x at 831) (recognizing that New Mexico Supreme Court's fifteen-day period for filing a motion for rehearing and U.S. Supreme Court's

2

ninety-day period for filing a petition for writ of certiorari are not applied consecutively for § 2244(d) purposes); *Wallace v. Bravo*, No. 13-cv-00825 KG/GBW, 2014 WL 12786922, at *3 n.2 (D.N.M. Sept. 11, 2014) (citing *Mills*, 186 F. App'x at 831) (same).

A "properly filed application for State post-conviction or other collateral review" also tolls the federal limitations period. *See* 28 U.S.C. § 2244(d)(2). But the state application is only "properly filed" if it is filed within the one year allowed by AEDPA. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). In other words, AEDPA's one-year limitations period is not tolled or restarted if a state habeas application is filed outside of that one-year window. *See id.* The tolling period triggered by the filing of a state habeas petition continues until that petition has been denied and a motion for rehearing has also been denied or, if no motion was filed, when the time for seeking such a rehearing has expired. *See Serrano*, 383 F.3d at 1185.

The undersigned has previously recounted the relevant procedural posture of this case:

> In this case, because the New Mexico Supreme Court affirmed her conviction on October 17, 2016, the ninety-day period for Serrano to seek U.S. Supreme Court review ended on January 17, 2017,[1] and her conviction became final on the latter date. *See Woodward*, 693 F.3d at 1292. After **223 days** had passed, Serrano filed her state-court habeas petition on August 28, 2017, which operated to begin tolling the remainder of her § 2244(d) period. The New Mexico Supreme Court denied Serrano's petition for a writ of certiorari in the state habeas proceeding on December 28, 2017, and the tolling period for federal habeas purposes ended fifteen days later, when her time for seeking rehearing before the state supreme court had expired. *See Serrano*, 383 F.3d at 1185. From the latter date—January 12, 2018—Serrano had **142 days** remaining to file a timely federal petition under § 2244(d). That time expired on Sunday, June 3, 2018, which meant that Serrano was required to file her habeas petition no later than **June 4, 2018**. *See* FED. R. CIV. P. 6(a)(1)(C) (excluding weekends when calculating final day of period).

---

[1] Although January 15, 2017 was the ninetieth day following the New Mexico Supreme Court's decision, that date fell on a Sunday, and Martin Luther King Jr.'s birthday was observed the following day. Accordingly, the period for seeking certiorari review with the U.S. Supreme Court expired on Tuesday, January 17, 2017. *See* FED. R. CIV. P. 6(a)(1)(C) (weekdays and legal holidays excluded when calculating final day of a period); *see also* FED. R. CIV. P. 6(a)(6) (listing legal holidays). *But cf. Tennyson v. Raemisch*, 732 F. App'x 670, 671 (10th Cir. 2018) (unpublished) (holding that Rule 6(a)(1)(C) did not apply to first day of limitations period calculated by reference to *state-court* appellate deadline, where petitioner did not directly appeal conviction).

3

> However, Serrano delivered her federal habeas petition to prison officials no earlier than **July 30, 2018**, the date on which she signed that petition. (*See* Doc. 1 at 25-26).[2] Moreover, although the form petition completed by Serrano requires the petitioner to justify any failure to file a federal habeas petition within the one-year period contemplated by § 2244(d), Serrano has included no such explanation. (*See* Doc. 1 at 23-24). On its face, then, Serrano's § 2254 petition would appear to be untimely.[3]

(Doc. 14 at 4-5).

In the previously entered Order to Show Cause, the undersigned observed that equitable tolling of the AEDPA one-year statute of limitations may be available under "rare and exceptional circumstances." (*Id.* at 5) (quoting *Sigala v. Bravo*, 656 F.3d 1125, 1127 (10th Cir. 2011)). Accordingly, the undersigned permitted Serrano an opportunity to show cause as to why her petition should not be dismissed, allowing her to either show that the above-cited calculation was incorrect or that "specific facts . . . support [a] claim of extraordinary circumstances and due diligence." (*Id.*) (quoting *Yang v. Archuleta*, 545 F.3d 925, 928 (10th Cir. 2008)).

In her response, Serrano concedes that her petition is untimely. (*See* Doc. 20 at 1) ("I did look through all my paperwork and my calendars, [and] the petition I filed in 2018 for federal habeas petition was filed after the time limit."). However, rather than showing that circumstances might exist to support equitable tolling, Serrano simply recounts that she is unrepresented and asks that the Court provide her legal guidance, citing her Sixth Amendment of the United States Constitution right to counsel. (*See id.* at 1-2).

---

[2] "Under the federal mailbox rule, a *pro se* prisoner's cause of action is considered filed when the prisoner delivers the pleading to prison officials for mailing." *Garcia v. Shanks*, 351 F.3d 468, 471 (10th Cir. 2003) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988)). Serrano's federal petition was postmarked two days after she executed it, on August 1, 2018. (*See* Doc. 1 at 27). While it is unclear exactly when Serrano delivered her petition to prison officials for mailing within this three-day period, the question is immaterial at present time since her petition would be untimely in any event.

[3] Serrano also filed a second state-court habeas petition on June 20, 2019, almost a year after she initiated this federal action. (*See* Ex. W); (Ex. DD). If this second state petition was filed after the one-year period set by § 2244(d) had expired, as appears to be the case, it necessarily could not have operated to toll that period. *See Clark*, 468 F.3d at 714 (citations omitted) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

Yet as the undersigned has previously noted (*see* Doc. 9); (Doc. 19), the Sixth Amendment does not afford habeas petitioners or other civil litigants a right to counsel. *See, e.g.*, *Gutierrez-Ruis v. Trani*, 378 F. App'x 797, 799 (10th Cir. 2010) (unpublished); *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). Although Serrano (like many habeas litigants) may not be legally trained, she has represented herself in a capable manner throughout these proceedings, and nothing in the record before the Court indicates that her petition presents overly complex factual or legal issues or that she is unable to investigate the facts and present her claims. As such, for the reasons previously stated, the undersigned again finds that Serrano is not entitled to appointment of counsel in this case. *See, e.g.*, *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (holding that district court retains discretion to appoint counsel for indigent prisoners in civil cases and that burden is on applicant to show that appointment is warranted). And while the Court must liberally construe Serrano's pleadings, it "cannot take on the responsibility of serving as the litigant's attorney in constructing the arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). In short, the absence of counsel to assist with one's habeas case does not establish the "rare and exceptional circumstances" necessary to show that equitable tolling is proper.

Finally, Serrano essentially asks the Court to directly review the merits of her case notwithstanding its untimely nature. (*See* Doc. 20 at 2) (arguing that Serrano "was not the one who pulled the trigger" and requesting that the Court "consider giving me a second chance at my life"). But Congress, through AEDPA, has set a strict one-year statute of limitations in habeas cases. *See* 28 U.S.C. § 2244(d)(1). Because Serrano concedes that her habeas petition is untimely under that limitations period, and because she has not shown that equitable tolling is appropriate here, the only avenue available to this Court is dismissal of her petition.

**IT IS, THEREFORE, RECOMMENDED** that Serrano's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). Any request for an extension of time must be filed in writing no later than seven (7) days from the date of this filing. A party must file any objections with the Clerk of the District Court within the fourteen (14) day period, together with any period for which an order is entered granting an extension of time, if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**KEVIN R. SWEAZEA**
**UNITED STATES MAGISTRATE JUDGE**