IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SANTANA SERRANO,

   Petitioner,

vs.                         No. CIV 18-0740 JB/KRS

ROBERTA ORTIZ-LUCERO, Warden, and
HECTOR H. BALDERAS, Attorney General
for the State of New Mexico,

   Respondents.

## MEMORANDUM OPINION AND ORDER ADOPTING THE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed April 19, 2021 (Doc. 21)("PFRD"). In the PFRD, the Honorable Kevin R. Sweazea, United States Magistrate Judge for the United States District Court for the District of New Mexico, recommends dismissal with prejudice of the petition for writ of habeas corpus that Petitioner Santana Serrano filed pursuant to 28 U.S.C. § 2254. See PFRD at 1. Respondents Roberta Ortiz-Lucero and Hector H. Balderas stated that they will not file objections. See Respondents' Notice of Non-Objection to the Magistrate Judge's Proposed Findings and Recommended Disposition, filed April 19, 2021 (Doc. 22)("Notice"). Serrano filed objections to the PFRD. See Objections to Report and Recommendations, filed April 26, 2021 (Doc. 23)("Objections"). The Court will overrule Serrano's Objections, adopt the PFRD, dismiss the Serrano's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at 1, filed August 2, 2018 (Doc. 1)("Petition") with prejudice, and deny the certificate of appealability.

## FACTUAL BACKGROUND

A jury convicted Serrano on a single charge of willful and deliberate first-degree murder on December 10, 2014. See Judgment & Sentence at 1 (dated March 30, 2015), filed March 30, 2020 (Doc. 13-1)("State Judgment"). The State trial court subsequently sentenced Serrano to life imprisonment. See State Judgment at 1. The State trial court denied Serrano's motion for a new trial, see Court's Decision on Defendant's Motion for New Trial at 29 (dated Feb. 18, 2015), filed March 30, 2020 (Doc. 13-1), and the Supreme Court of New Mexico affirmed her conviction on October 17, 2016, see Appeal from the District Court of Lea County at 1-2 (dated Oct. 17, 2016), filed March 30, 2020 (Doc. 13-2). Serrano is confined presently at the Western New Mexico Correctional Facility in Grants, New Mexico. See Petition at 1 (no paragraph numbering).

Serrano filed a pro se habeas petition in State court on August 28, 2017. See Petition for Writ of Habeas Corpus at 23 (dated Aug. 28, 2017), filed March 30, 2020 (Doc. 13-2). The State trial court denied her petition on October 27, 2017, see Order Denying Petition for Writ of Habeas Corpus at 68-69 (dated Oct. 27, 2017), filed Mach 30, 2020 (Doc. 13-2), and the Supreme Court of New Mexico denied her petition for writ of certiorari in that action on December 28, 2017, see Order at 20 (dated Dec. 28, 2017), filed March 30, 2020 (Doc. 13-3). Serrano did not file a motion for rehearing before the Supreme Court of New Mexico in that proceeding. See Register of Actions at 117 (dated March 30, 2020), filed March 30, 2020 (Doc. 13-3).

## PROCEDURAL BACKGROUND

On August 2, 2018, Serrano filed her pro se petition in this federal action. See Petition at 1. On March 30, 2020, Roberta Ortiz-Lucero and Hector H. Balderas (the "Respondents") filed an answer arguing, in part, that Serrano's habeas petition is untimely under 28 U.S.C. § 2244(d). See Respondents' Answer to Santana Serrano's Pro Se Petition for Writ of Habeas Corpus at 5-7, filed March 30, 2020 (Doc. 13)("Answer"). Magistrate Judge Sweazea ordered Serrano to show

cause as to why the Court should not dismiss her habeas petition as untimely. See Order to Show Cause at 1, filed January 26, 2021 (Doc. 14)("Show Cause Order"). Serrano responded, conceded that her petition was untimely, and did not set forth any express arguments for equitable tolling. See Response to Show Cause to Petition Not Be Dismissed as Untimely at 1-3, filed April 14, 2021 (Doc. 20)("Response"). Despite her concession, Serrano cited her pro se status and asked essentially that the Court ignore the Petition's untimeliness and provide legal guidance to her on how best to proceed. See Response at 1-2.

Magistrate Judge Sweazea entered his PFRD on April 19, 2021, in which he recommends that the Court dismiss this action's Petition as untimely. See PFRD at 1. Respondents filed the Notice that same day, stating that they do not object to Magistrate Judge Sweazea's PFRD. See Notice at 1. On April 26, 2021, Serrano objected to the PFRD's conclusion, and again requests that the Court provide her legal guidance on how to change her sentence. See Objections at 1.

In his PFRD, Magistrate Judge Sweazea reviewed the procedural background of Serrano's underlying State court criminal conviction as follows:

> "In this case, because the New Mexico Supreme Court affirmed her conviction on October 17, 2016, the ninety-day period for Serrano to seek U.S. Supreme Court review ended on January 17, 2017, and her conviction became final on the latter date. *See Woodward* [*v. Cline*], 693 F.3d [1289,] 1292 [(10th Cir. 2012)]. After **223 days** had passed, Serrano filed her state-court habeas petition on August 28, 2017, which operated to begin tolling the remainder of her § 2244(d) period. The New Mexico Supreme Court denied Serrano's petition for a writ of certiorari in the state habeas proceeding on December 28, 2017, and the tolling period for federal habeas purposes ended fifteen days later, when her time for seeking rehearing before the state supreme court had expired. *See Serrano* [*v. Williams*], 383 F.3d [1181,] 1185 [(10th Cir. 2004)]. From the latter date -- January 12, 2018 -- Serrano had **142 days** remaining to file a timely federal petition under § 2244(d). That time expired on Sunday, June 3, 2018, which meant that Serrano was required to file her habeas petition no later than **June 4, 2018**. *See* Fed. R. Civ. P. 6(a)(1)(C)(excluding weekends when calculating final day of period).
>
> However, Serrano delivered her federal habeas petition to prison officials no earlier than **July 30, 2018**, the date on which she signed that petition. (*See* [Petition] at 25-26). Moreover, although the form petition completed by Serrano requires the

> petitioner to justify any failure to file a federal habeas petition within the one-year period contemplated by § 2244(d), Serrano has included no such explanation. (*See* [Petition] at 23-24). On its face, then, Serrano's § 2254 petition would appear to be untimely."

PFRD at 3-4 (emphasis in original)(alterations added)(footnotes omitted)(quoting Show Cause Order at 4-5). Serrano does not dispute this timeline and agreed that her petition "was filed after the time limit," Response at 1-2, leading Magistrate Judge Sweazea to conclude that her petition is untimely pursuant to § 2244(d)(1), see PFRD at 4.

Magistrate Judge Sweazea also concludes that Serrano has not established entitlement to equitable tolling. Although Magistrate Judge Sweazea's earlier Show Cause Order notified Serrano that equitable tolling might be available if she could "'show specific facts to support [her] claim of extraordinary circumstances and due diligence,'" Show Cause Order at 5 (quoting Yang v. Archuleta, 545 F.3d 925, 928 (10th Cir. 2008)), Serrano stated in response only that she was unrepresented and that she wished for the Court to provide her legal guidance, see Response at 1-2. Magistrate Judge Sweazea, citing decisions concerning the Sixth Amendment's inapplicability in habeas actions and the Court's discretionary authority regarding the appointment of counsel for indigent prisoners in civil cases, finds that Serrano is not entitled to counsel, and that her pro se status does not establish the "'rare and exceptional circumstances'" necessary to show that she was entitled to equitable tolling. See PFRD at 4-5 (quoting Sigala v. Bravo, 656 F.3d 1125, 1127 (10th Cir. 2011)). Further, in light of AEDPA's "strict one-year statute of limitations," Magistrate Judge Sweazea also rejects Serrano's request that the Court review her claims' merits and her underlying criminal conviction, notwithstanding the petition's untimely nature and the absence of equitable tolling. PFRD at 5.

**LAW REGARDING OBJECTIONS TO**
**PROPOSED FINDINGS AND RECOMMENDATIONS**

District courts may refer dispositive motions to a Magistrate Judge for a recommended

- 4 -

disposition.  See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement."). Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, Known As: 2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act,[1] including judicial efficiency." One Parcel, 73 F.3d at 1059

---

[1]Congress enacted the Federal Magistrates Act, 28 U.S.C. §§ 631-39, in 1968.

(citing Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (citations omitted). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." One Parcel, 73 F.3d at 1060. In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).²

---

²Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The United States Court of Appeals for the Tenth Circuit has stated:

The Tenth Circuit has also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")(citations omitted). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask. [A failure to object] does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a de novo or any other standard"). In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing."

---

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court finds that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

United States v. Raddatz, 447 U.S. 667, 674 (1980). The Tenth Circuit has stated that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). The Supreme Court of the United States of America has noted that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the Magistrate Judge's proposed findings and recommendations. See Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")(quoting 28 U.S.C. § 636(b)(1)); Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate, . . . [as] 'Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.'")(quoting 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. at 676)(emphasis omitted).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course in the past and in the interests of justice, reviewed the Magistrate Judge's recommendations. In Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401 (D.N.M. Dec. 28, 2012)(Browning, J.), where the plaintiff

failed to respond to the Magistrate Judge's PFRD, although the Court determined that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings in the [proposed findings and recommended disposition]," the Court nevertheless conducted such a review. 2012 WL 6846401, at *3. The Court generally does not, however, review the Magistrate Judge's proposed findings and recommended disposition de novo, and determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the proposed findings and recommended disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously]³ contrary to law, or an abuse of discretion." Workheiser v. City of Clovis,

---

³The Court previously used as the standard for review when a party does not object to the Magistrate Judge's proposed findings and recommended disposition whether the recommendation was "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion," thus omitting "obviously" in front of contrary to law. Solomon v. Holder, CIV 12-1039 JB/LAM, 2013 WL 499300, at *4 (D.N.M. Jan. 31, 2013)(Browning J.)(adopting the recommendation to which there was no objection, stating: "The Court determines that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations therein"); O'Neill v. Jaramillo, CIV 11-0858 JB/GBW, 2013 WL 499521 (D.N.M. Jan. 31, 2013)(Browning, J.)("Having reviewed the PRFD under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. The Court thus adopts Judge Wormuth's PFRD.")(citing Workheiser v. City of Clovis, 2012 WL 6846401, at *3); Galloway v. JP Morgan Chase & Co., CIV 12-0625 JB/RHS, 2013 WL 503744 (D.N.M. Jan. 31, 2013)(Browning, J.)(adopting the Magistrate Judge's recommendations upon determining that they were not "clearly contrary to law, or an abuse of discretion."). The Court does not believe that "contrary to law" accurately reflects the deferential standard of review that the Court intends to use when there is no objection. Finding that a Magistrate Judge's recommendation is contrary to law would require the Court to analyze the Magistrate Judge's application of law to the facts or the Magistrate Judge's delineation of the facts -- in other words performing a de novo review, which is required when a party objects to the recommendations only. The Court believes adding "obviously" better reflects that the Court is not performing a de novo review of the Magistrate Judges' recommendations. Going forward, therefore, the Court will, as it has done for some time now, review Magistrate Judges'

2012 WL 6846401, at *3. This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the intent of the waiver rule than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court, however, is reluctant to have no review at all if its name is going to go at the bottom of the order adopting the Magistrate Judge's proposed findings and recommendations.

## LAW REGARDING THE § 2254 STATUTE OF LIMITATIONS

A one-year statute of limitations governs petitions for a writ of habeas corpus by a person in state custody under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

---

recommendations to which there are no objections for whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

> retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d) further provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The one-year AEDPA statute of limitations for filing a § 2254 petition begins to run from the time the judgment on the petitioner's conviction and sentence becomes final. See 28 U.S.C. § 2244(d). The judgment becomes final by conclusion of direct appellate review or expiration of the time for seeking direct appellate review. See 28 U.S.C. § 2254(d)(1)(A); Rhine v. Boone, 182 F.3d at 1155.

This one-year statute of limitations is tolled when a petitioner files state habeas corpus petition. Tolling occurs, however, only when "a properly filed application for State post-conviction" relief is "pending." 28 U.S.C. § 2244(d)(2). A state habeas petition is "pending" and tolls the running of the statute of limitations from the date it is filed until it has achieved final resolution through the state's post-conviction procedures. See Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Holland v. Florida, 560 U.S. 631, 635, 638 (2010). A state habeas petition, however, submitted after the one-year deadline does not toll the limitations period. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(noting the petitioner could not taking advantage of tolling "for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until after . . . the end of the limitations period . . . .").

The one-year statute of limitations may also be subject to equitable tolling. Equitable tolling is available only when an inmate diligently pursues his claims and demonstrates that

extraordinary circumstances beyond his control caused the failure to timely file. See Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Ignorance of the law, ignorance of the limitation period, and inability to obtain legal assistance do not warrant equitable tolling. Marsh v. Soares, 223 F.3d at 1220 ("It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); Taylor v. Wade, 789 F. App'x 674, 677 (10th Cir. 2019)("[N]either [the petitioner's] misapprehension of the law nor his . . . claim of ineffective assistance of counsel could excuse his failure to file a timely habeas petition."); Rojas-Marceleno v. Kansas, 765 F. App'x 428, 433 (10th Cir. 2018)("A petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling."); Clay v. Jones, 491 F. App'x 935 (10th Cir. 2012)(explaining that the Petitioner's failure to "understand . . . tolling and exhaustion issues" cannot "demonstrate extraordinary circumstances entitling him to equitable tolling").

A petitioner "must show that he can satisfy the procedural requirements of" § 2244(d) "[b]efore [the Court can] address[] the merits of [his] claims." United States v. Greer, 881 F.3d 1241, 1244 (10th Cir.), cert. denied, 139 S. Ct. 374 (2018). Accordingly, federal Courts have authority to sua sponte consider the timeliness of a habeas petition on screening. See Day v. McDonough, 547 U.S. 198, 209 (2006)(concluding that, as part of the initial review process, "district courts are permitted . . . to consider, sua sponte, the timeliness of a state prisoner's habeas petition").

## ANALYSIS

The Court has reviewed carefully the PFRD de novo and the associated briefing. The Court agrees with the analysis and conclusions in the PFRD. First, Serrano does not object expressly in substance to any of Magistrate Judge Sweazea 's proposed findings and recommendations. See

Objections at 1. Instead, she again cites her layperson status and asks that the Court provide her guidance on "what [to] do next" to obtain a "lesser sentence." See Objections at 1. Serrano's Objections do not meet the specificity requirements necessary to trigger de novo review of Magistrate Judge Sweazea 's determinations. See One Parcel, 73 F.3d at 1060. Nevertheless, given her pro se status, the Court construes liberally Serrano's request as objecting to Magistrate Judge Sweazea's PFRD as to equitable tolling.

Considering de novo the question of equitable tolling, the Court agrees with Magistrate Judge Sweazea's conclusion that the Court "'cannot take on the responsibility of serving as the litigant's attorney.'" PFRD at 5 (quoting Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005)). The Court further concludes, as did Magistrate Judge Sweazea, that Serrano has represented herself capably in these proceedings, that nothing in the record indicates that her petition presents overly complex factual or legal issues or that she is unable to investigate the facts and present her claims, and that Serrano therefore is not entitled to counsel in this proceeding. See Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004). Finally, because the Sixth Amendment does not afford habeas petitioners a right to counsel, see, e.g., Gutierrez-Ruiz v. Trani, 378 F. App'x 797, 799 (10th Cir. 2010), Serrano's pro se status does not amount to the sort of "extraordinary circumstances" that merit equitable tolling under § 2244(d), e.g., Burger v. Scott, 317 F.3d at 1141; Marsh v. Soares, 223 F.3d at 1220; Rojas-Marceleno v. Kansas, 765 F. App'x at 433. In the absence of any further showing, Serrano has not met her burden to establish that she is entitled to equitable tolling.

For the foregoing reasons, the Court concludes that Serrano's 28 U.S.C. § 2254 habeas claim is time-barred. The Court therefore will dismiss the Petition and enter Final Judgment.

**CERTIFICATE OF APPEALABILITY**

Habeas Corpus Rule 11 requires "[t]he district court [to] . . . issue or deny a certificate of

appealability when it enters a final order adverse to the applicant." A certificate may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, a petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, the time-bar is not reasonably debatable, and Serrano has not raised a colorable argument for equitable tolling. The Court therefore will deny a certificate of appealability.

## CONCLUSION

The Court has reviewed carefully the relevant pleadings and exhibits thereto, the procedural background of Serrano's State court proceedings, and Magistrate Judge Sweazea's PFRD. Having made a de novo review of those portions of the PFRD to which Serrano filed Objections, and having determined that the PFRD is not in other respects clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, the Court will adopt the PFRD.

**IT IS ORDERED** that: (i) the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed August 2, 2018 (Doc. 1), is dismissed with prejudice; (ii) the Objections to Report and Recommendations, filed April 26, 2021 (Doc. 23), are overruled; (ii) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed April 19, 2021 (Doc. 21), are adopted; (iii)  and (iv) a certificate of appealability is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Santana Serrano
Grants, New Mexico

    *Petitioner pro se*

*Counsel:*

Jane Bernstein
  Assistant Attorney General
Albuquerque, New Mexico

    *Attorney for the Respondents*